May it please the court. My name is Karen Hanks and I represent SFR Investments Pool 1, LLC. I'd like to reserve five minutes of my time for rebuttal. Keep your eye on the clock and we'll try to help you, okay? Yes, thank you. This case presents the question as to what statute of limitations under HERA governs the bank's quiet title claim. And I'd like to take a moment and look at the division. We know that HERA is divided into two common law divisions of claims, contract and tort. Excuse me, before you go any further, can I just be sure everybody's on the same page here? You agree that it's the federal statute of limitations that applies here, not the state statute. You're just arguing whether it's contracts or torts, right? Correct. Now all parties agree with that, despite the bank arguing the opposite below. Yes. And so I want to take a moment just to talk about the definitions of both of those common law divisions. Contract is defined as a failure of performance or duty arising or enforcement of a promise or obligation. In contrast, tort is- Where does that definition come from, counsel? The Bernard case defines it that way, Your Honor. That's a Nevada Supreme Court case, but that's consistent with the common law division. And also the Limbs Court discusses those common law divisions in defining it that way. In fact, with respect to the tort, that's defined by the Limbs Court as to vindicate an impairment of a right. Or something with Bernard Court saying something that's imposed by law or statute, something that's not imposed by an agreement. So the tort category is everything else, non-contract. And when we look at the bank's quiet title claim, we can see right in the face of the title of it, it is imposed by statute. They even title it quiet title under 12 USC section 4617J3. That's the statute that they're implementing. And then when you look at the allegations of their claim, they again cite the statute. The 4617J3 preempts the foreclosure of agency property. In fact, it goes to large- Let me redefine tort for you just a little. It's sort of the common law way, which would be a breach of some duty that approximately causes damage to somebody else. Assuming that's the general common law definition of a tort, what duty was breached here? Well, unfortunately, your honor, I think that's too narrow of a definition of tort. And none of the cases define tort that way. It's more of just, where is the right emanating from? Is it imposed by law or statute? Or is it imposed by an You actually- Whether the duty is imposed by statute or by common law, in order for the- Let me finish. Let me finish. I know it's a problem with Zoom. So tell me what duty was breached here, if you think there was one breach. Well, I think that if you look at it from that context, your honor, the duty that's being alleged, the HOA did not get consent. That's at paragraph 47, they say, the agency did not consent to this foreclosure. And then in the very next paragraph, they say, and therefore, the HOA's foreclosure violated 4617J3. But there are countless torts that do not have a traditional breach of a duty and causation. One of them is highlighted right in their brief, and that wrongful foreclosure tort claim has no duty or breach. They even cite it at page 24. It's merely a plaintiff must prove that the foreclosing party did not have the legal right to foreclose on the property. And that's exactly what their claim is alleging, that the HOA did not have the legal right to foreclose on agency property. I thought their claim was slightly different. I thought their claim is simply that it did not extinguish their first lien. There's no claim here that the foreclosure sale was improper. The claim is simply that it didn't serve because of federal law to extinguish their first lien. Am I mischaracterizing their claim? I would say you are only to the extent that because of the split lien nature of a lien in Nevada, where it has a super priority component and a sub priority component, they are alleging and claiming that when the HOA foreclosed on the super priority portion of their lien, that was in violation of 4617J3. So they are voiding part of the sale. They are essentially saying part of the sale that would extinguish the deed of trust is invalid. It is void. So yes, I do believe that they are saying the foreclosure on that lien is wrongful. In fact, they have it right there at paragraph 57 of their claim that to apply NRS 116 in a manner that would extinguish Freddie Mac's interest violates 4617J3. Can I add one other question before you moved on here? And it may be an easy answer because Nevada has this unique scheme for homeowners association liens. Is there any case anywhere else in the country that's ever addressed this issue? No, your honor. And that's a point that I want to make in the contract. So now that I've talked about the tort and we believe it does fit the tort category, let's talk about how it doesn't in any way, shape or form fit in the contract category. And that's because they admit, they readily admit that there is no, this is not an enforcement action. And so in that regard, we know it's not trying to enforce the parties. They also admit that 4617J3 imposes no obligations. Again, let's get back to the definition. Enforcing a promise or obligation is what's associated with a contract action. With respect, and I'm taking a little different tact than my colleague, this right stems from owning a property within a homeowners association. There is a document that describes what you have to do to violate the terms of the homeowners association. And then there's a, there's a deed of trust that permits you to foreclose. I did lots of real estate law for a long time and that's a contract in my mind. It is that contract that was foreclosed on, right? No, your honor. That's the distinction. I would agree with you. And that's what the Smith case stands for. If you're enforcing the deed of trust and the note via foreclosure or nonjudicial foreclosure, that's an enforcement action. I agree with that. Wait, wait, wait a minute. So yeah, we have to go back. We wouldn't even be in this situation if you didn't claim to have a, a, a priority that went forward and took, took a super priority, if you will, about what was originally the first deed of trust and wiped it out. Now, now you got the government or M&T, the government conservator, if you will, as a conservate claiming that you took their property. You didn't have a right to do that. You say, Oh yes, we do because we have a contract here. We have a right under the homeowners association documentation to foreclose and Nevada law says we can do that. I fail to see why that is not a contractual action. So let me break that down a little bit because I think we're confusing who I am and who I represent. Okay. Okay. I represent SFR, the purchaser who attended the HOA foreclosure sale. So I, so I agree with you when the HOA is foreclosing, they are enforcing their lien. That's not what the bank's claim is. The bank's claim is challenging that sale, not from a perspective of an enforcement action because they admit that it's, they're challenging the validity of the sale. And so while the property interest, sure, the deed of trust and the note is what gives them even the foot in the door. It's not what their claim is premised upon. Put another way, the mere existence of the note does not invalidate the sale, nor does the deal trust. If they had pled quiet title and you take 4617J3 off the table, they did not have that right that Congress granted them and they pled, we have a note and we have a deed of trust and therefore the HOA foreclosure sale is invalid. That complaint would be dismissed on its face. That's how you know their claim is not dependent upon. Isn't it a necessary element of their claim that they have a contract? No. Which is to say the note and deed of trust? No. You just said that in the absence of that contract, their claim would fail on its face. No, what I'm saying is no, in the absence of 4617J3, their claim would fail on its face. Let's assume 4617J3 is there. The federal foreclosure bar is there. And they came into court and said, we'd like you to invalidate this sale, if you will. The judge would say, where's your contract? No, they wouldn't. Where's your note or deed of trust? Because in the absence of those, you've got no claim. You have no standing. You have no standing to even be in court, but you might still have a claim. That's the problem that they're... A frivolous one, as you said. Correct. Your claim would fall. Right, exactly. So in order to have a non-frivolous claim, you have to have a contract, don't you? No. In order to even have a foot in the door, you have to have a property interest that your claiming was affected. But in order to invalidate the sale, you have to have something else. That's why the note itself is not what invalidates the sale. That's why we can't confuse standing, or what gets their foot in the door, with what the substance of their claim is. This question, in this case, is not whether they had standing to be here. The question is, what is the statute of limitations governing your claim? I want to highlight, in every single NRS 116 challenge, in non-HERA, take a non-HERA situation, every single lien holder has that one threat in common. They all have standing to be there. They have the property interest. But their claim is not dependent upon that. They have to come up with some independent grounds, such as tender, noticing, constitutionality, and here, 4617J3. That's what the claim is dependent upon. And following up to your question, Your Honor, earlier, there has been not one case, not one jurisdiction or judge in Nevada, or any other jurisdiction, that has treated a quiet title claim like we have here as a contract claim. And in fact, the banks don't even argue it's a six-year contract action in the non-HERA context. And they didn't do it in this case. Not once do they argue that a six-year... Has there been a court in Nevada that's treated these as a tort action? Yes, based on the statute of limitations that they apply, it's everything less than six years. The ones I've read, because we've got a bunch of them, either applied the quiet title statute of limitations or the catch-all. The tort statute of limitations, as I recall, is much shorter. None of the Nevada cases I've read have ever applied the tort statute of limitations. They have applied... Well, I think the tort statute of limitations is five and four. Because if it's anything other than six, which Nevada does provide for a contract, then they are already implicitly applying a tort context to this, not a contract. Because we do have a six-year contract limitations in Nevada, irrespective of HERA. And they don't even broach that subject. Because when you look at this claim, everyone knows it's not a contract claim. I have three minutes remaining, Your Honors. I would like to reserve it. You can reserve it. Thank you. Okay. Very good. So let's hear from Mr. Johnson. Thank you, Your Honors. Michael Johnson from Arnold and Porter. I represent the amicus, the Federal Housing Finance Agency, and I'm speaking on behalf of the plaintiffs of Pelley's M&T Bank and the Federal Home Loan Mortgage Corporation. The latter is known as Freddie Mac, and so I may use that term from time to time. This case is not a formal contract enforcement action. We all agree on that, but it has contracts at its core. And by contrast, it has little, if anything, in common with any tort claim. For that reason, the contract prong of HERA's binary statute of limitations provision is what controls HERA. Why does this case— Before you get to that question, can I ask you this? If I understand correctly, Freddie Mac assigned the deed of trust, in this case the M&T Bank, prior to the passage of HERA and the FHA's conservatorship. So even if we assume that Freddie Mac's conservative benefits from the FHA's statute of limitations at 12 U.S.C. 1467, why should M&T Bank also enjoy that right? Remember, this is assigned before the statute was even passed. Your Honor, there are sort of two elements to that. Number one, why is M&T able to invoke HERA at all? And that's because M&T is acting solely as the nominee of Freddie Mac. As the district court found, Freddie Mac owns the deed of trust. M&T is the servicer, and it's acting as Freddie Mac's nominee, which is sort of like an agent. And so even though the deed of trust shows M&T Bank as the beneficiary, Freddie Mac still owns it, so it's still property of the agency that is protected by HERA. Now, why can M&T Bank as the conservator's nominee, in essence? Because the conservator is the successor to Freddie Mac, M&T is the nominee of Freddie Mac, so M&T is the successor to Freddie Mac. So what we look to is this court's decision in Thornburg, which adopts the Fifth Circuit's analysis in the Bledsoe case, which says anyone in substance, anyone who is entitled to enforce a right of the conservator that runs with the property, a property protection provision, typically that's going to be an assignee. So someone who was assigned an asset out of an FDIC receivership or a conservatorship, or these days an FHFA conservatorship, wants to say, hey, I own the lien today, but at the time of the HOA foreclosure, Freddie Mac or Fannie Mae owned it, therefore I'm invoking the conservator's protection, and because I'm invoking the conservator's protection sort of derivatively, I'm entitled to also invoke the protection of the statute of limitations. That's really controlled by precedent under this court's Thornburg decision. It obviously serves the purpose, the policy purpose, of making the assets of a federal financial agency conservatorship or receivership more marketable because the buyer of the asset will have increased protection. So there's a sound policy basis and it's an issue that's controlled by precedent. So Thornburg solves the problem and in fact M&T is just Fannie Mae by another name, is that right? In a very hundred thousand foot perspective, yes. Obviously M&T Bank is not Freddie Mac in every way, but it is Freddie Mac's nominee for purposes of this deed of trust, and so that does solve the problem, yes. And as a matter of Nevada law, that's all proper under my tier of Daisy Trust and all the cases that look at that issue under Nevada law. I'm sorry, Mr. Johnson, the statute as you describe it is binary, which is to say that it's supposed to encompass all claims, so everything has to either be a tort or a contract. The problem in this case is that this is really not exactly either, and so tell me how we work through whether this is a tort or a contract. Your friend says, well, you're not really seeking to enforce contractual rights, you're seeking to enforce some other right that comes out of a contract. The truth is that if we were looking at this with no restraints, we would say it's neither. It's something different. So how do we figure out which it's closest to? Well, I agree, your honor, and first of all, it's closer to a contract, and I'll discuss that, but let me say we don't have to decide which it's closer to. Ultimately, all we need to decide is whether there's a substantial question which it might be. That's the Metro Bank case. Metro Bank says if there's a substantial question, the longer contract period applies. But here, I don't, respectfully, I don't submit we need to get to Metro Bank because this case is more akin to a contract action. It is based on the rights granted by a deed of trust, which is part of the contract between the borrower and the lender. In fact, the deed of trust itself speaks in contractual language. It says the borrower covenants and agrees with the lender to certain terms that that are very relevant today. How much of the costs of enforcing the deed of trust will roll up into the lien that we will ultimately be able to enforce? So at its core, this case is grounded in a contract. Now, is it a contract between the conservator and SFR? No, of course not. But our SFR and the certainly not. In fact, they have a very close, legally recognized relationship to each other called privity of estates. We each have an interest in the same property. And we each are acting as the successors of the parties who severed those interests contractually, the borrower and the lender. May I ask you a question about that? Because it came up in your friend's argument. Is the relief you're seeking to invalidate the foreclosure sale or simply a declaration that the foreclosure sale did not extinguish the first lien? It's the latter, your honor. And I think we've been crystal clear about that in the briefing and at every step of the case. We are not seeking, nor could we, to invalidate the sale. The sale happened. SFR got title to the property. We are not saying they don't have title. You're saying that they took it subject to your first lien. Correct. That is exactly right. So this is not an action to say, I think my friend, Ms. Hanks, was incorrect when she said our argument is the HOA did not have the legal right to foreclose. The HOA did have the legal right to foreclose. It's just that its foreclosure couldn't extinguish Freddie Mac's lien, nor could it have extinguished a Fannie Mae lien, had there been one. But of course there wasn't. So I think my friend's argument is based on a false dichotomy that in the universe of claims, there are only torts and contracts. Everything that is not a contract must be a tort. That's wrong. There is a third category. You're saying everything that's not a tort must be a contract. Absolutely not. Absolutely not, your honor. It has to be in this statute. Everything that's not a tort must be a contract, and everything that's not a contract must be a tort, because it's a binary statute. For purposes of HERA's limitations provision, a court must categorize them into one or the other. But what my friend is saying is anything that is not a strict contract enforcement claim is really a tort action, and that's false. There is a whole universe of claims that are neither contract nor tort, and one of the most interesting cases that we could talk about that recognizes that distinction in a very significant way is Megapulse. In Megapulse, a party contracted with the government and then wanted to bring a claim saying that some of the data that we've shared with the government is confidential, and the government is getting ready to disclose it, we think that would be wrongful, and you should enjoin the government from doing it. Now, the Sixth Circuit looks carefully at it and says, is this a contract action that belongs in the Court of Federal Claims? No. They're not seeking monetary relief. They're not seeking to directly enforce the contract. It's not a contract claim. Now, the interesting thing that my friend didn't mention in her brief, and that is very important to the decision, is right at the end of Megapulse, the court says, and I'll quote, this action was properly brought under the APA. That's the Administrative Procedures Act. Now, if the court had meant to say, because it's not a contract, it must be a tort, then the exclusive remedy would have been under the Federal Tort Claim. The court says it was properly brought under the APA. So, what the court is saying here necessarily is, no, it's not a contract, but it's also not a tort claim, because if it were, it would be an FTCA claim, and instead, it's an APA claim. So, there's this third category, not contract, not tort. Question is, what do we do with that? And as I say, we can look at this claim and see that it's grounded in a contract, in a contract where the parties to the dispute today are the successors in interest on the property side of it, the privity of estate side of it. We are the successors in interest to the parties to the original contract. So, although we're not trying to enforce the contract rights in a formal contract enforcement action, we are seeking a contract. I know you have a spiel that you want to give to us, but I have a question that really has bothered me about this. When you look at the actual right here in 4617BA2I, it indicates in basically that, in quotes, no property of the FHFA shall be subject to foreclosure or sale without the FHFA. Now, you're saying you're not trying to invalidate the foreclosure, but this bar bars a foreclosure or sale. So, which is it you're trying to bar? The foreclosure is taking place. You're saying I'm trying to infest that, mess with that. You're trying to bar the sale to SFR? What are you trying to bar? We're not trying to invalidate the sale in any way. What the statute says is, no property of the agency shall be subject to foreclosure or sale. Subject to means affected by. So, we're not in any way saying the foreclosure and sale. What is the property of the agency here? It's the lien. Is it the deed of trust? It's not the real estate, it's the deed of trust, right? Yeah, correct, Judge Hurwitz. That's absolutely correct. And so, the deed of trust cannot be subject to, affected by, a foreclosure or sale without the consent of the agency. And that's Berezovsky and Elmer and all the other cases that this court has already decided. So, the statute applies here, and it protects our lien. And it just doesn't invalidate the sale in any way. It simply prescribes the effect of the sale on our property. Not invalidating, not, as my friend incorrectly asserted, does not make the HOA lack the legal right to foreclose. The HOA had the legal right to foreclose. It did it. We don't argue with that. Let's talk about Metro Bank for a moment. Metro Bank controls this case. I've explained why this case really is much more akin to a contract action than a full action. It's got none of the elements of a tort. Torts do require a duty. I think my friend was, again, ready to say there are some torts that don't have a duty. What those cases really stand for is the courts don't always list out the duty element because it's kind of obvious, right? Wrongful foreclosure, you have a duty to foreclose properly, not is wrongful because it breaches the party's legal duty. So this case is more like a contract and has virtually nothing in common with a tort. Metro Bank says, though, we don't have to be way over here, one millimeter from contract to get the benefit of the contract prong of a statute of limitations, virtually identical to here. Metro Bank says if there's a substantial question, if it's fairly debatable one way or the other, you go with the longer period and for sound policy reasons, because that, again, will give the conservator a better opportunity to protect the assets of the conservatorship. That's the situation here at most. If there's any doubt, whether it's a contract or a tort, our entire discussion has been not that it's got to be really a tort, it's that it's somewhere in between and we could have a discussion about. So I think we're way over here, very close to contract, but even if we're somewhere in the middle, Metro Bank says you default to the longer six-year contract term under these statutes. So ultimately, I think that my friend, Ms. Hanks, poses a false dichotomy here. Anything that can be deemed not a contract must therefore be deemed a tort. That's false. The case I think she thinks is her best, Megapulse, recognizes that by saying it's not a contract case, but it doesn't default to FTCA. It's an APA claim under whether the court looks at Smith and cases that say enforcing a deed of trust is a contract-like claim. And here, we're obviously taking a precursor to enforcement. We can't enforce the lien until we know that the lien is valid. So I see my time has expired. Your time has expired. Let me ask my colleague, do either of you have additional questions? I do not. If not, thank you very much for your argument. Thank you, Your Honor. You've got some time. Yes. I want to address, it's not a false dichotomy. It's the dichotomy that Congress put in place. It's tort or contract. There is no other dichotomy. And when we look at Megapulse, Megapulse wasn't dealing with that dichotomy. They weren't dealing with the statute of limitations provision that had to decide whether the claim falls in tort or contract. That's why Megapulse is the most on-point case for us because it shows, just because there's a contract somewhere out in the ether, and it might even have created a relationship between the parties, although that's not true for us here because we have no relationship with Freddie Mac, SFR doesn't, that that contract is not what controls the claim. The claim there was dissemination of proprietary information. And it was a completely jurisdictional question. Did the court have jurisdiction or was it the court of claims? Because that's what the government was arguing. And they rejected that notion. They rejected it and said they're not suing under the contract. Could you respond to Mr. Johnson's argument, both in his briefs and made now, that if this is a close question, Metro Bank suggests we always opt for the longer statute of limitations? Yes, there's no close question that that's our position, that Metro Bank stands for the proposition that the claim has to have features of both tort and contract. Even so far as this goes, that you relied on a Fourth Circuit case that treated the breach of fiduciary duty as both a contract and tort. So you actually had a jurisdiction that was treating the claim as both and had features of both. That's not here. That's not true here. There is not one court in Nevada or any other jurisdiction has ever treated a quiet title claim like a contract claim. And their claim doesn't have features of a contract claim. They admit they're not enforcing any obligation. They talk about the deed of trust. Now in their briefing, they said it wasn't a contract. Now Mr. Johnson seems to be changing his position and thinks that is the contract. Regardless, nowhere does their claim seek to enforce any provision of that deed of trust in terms of its promises or its obligations of the borrower. Same with the note. They didn't even go so far as to take the position in this case because we asked for the note. We asked for discovery into it. It's irrelevant. That's what their answer was. It's irrelevant and it's not even proportional for us to produce it. That's what the bank argued. So this would be the first action in the history of the United States that would be contract and yet you don't have to produce the contract. The court's not dealing with the contract. He's not analyzing the contract and somehow their claim is morphed into a contract. I want to make a final point with invalidating the sale. The term extinguishment and foreclosure are synonymous. The statute clearly provides you cannot foreclose on agency property and they successfully argued that you can use that synonymously with sale when you are saying you could not foreclose on the super priority portion. With that, your honor, I have nothing further. Very good. Let me ask my colleague whether either has additional questions for you. I do not. And then both of you. Do you have a question, Judge Hurwitz? No, I don't. Okay. Okay. Very good. Well, thanks to both counsel for your helpful arguments. We appreciate it. The case just argued is submitted.
judges: M. Smith, Jr., Hurwitz, Royal